IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL A. WILLIAMS #368234          *
    Plaintiff

                      *

      v.                    CIVIL NO.  WDQ-11-3464

                      *

FRANKLIN SQUARE HOSPITAL CENTER
    Defendant             *

## MEMORANDUM

Seeking damages, self-represented plaintiff Michael A. Williams filed suit under 42 U.S.C. § 1983 against Franklin Square Hospital Center, alleging the hospital failed to treat him for leg, back and head injuries allegedly received on April 19, 2010, when Williams was struck by a police vehicle.[1] ECF No. 1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted; his Motion for Subpoena Duces Tecum requesting hospital and ambulance records (ECF No. 3) shall be denied.

Because Plaintiff has been granted leave to proceed in forma pauperis, this Court may review the claim presented in the complaint prior to service of process and dismiss the case if it has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Two elements are essential to sustain an action under 42 U.S.C. § 1983. Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S.

---

[1] Plaintiff, who apparently was arrested as a result of this incident, states he received treatment for his injuries at the Baltimore Central Booking Intake Center after release from care at Franklin Square Hospital Center. ECF No. 1 at 4.

42, 48 (1988). Because there is no allegation that Franklin Square Hospital Center[2] or its staff members were acting under color of law, the claim against it shall be dismissed.

The Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. 1915(e), provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> (A)    the allegation of poverty is untrue; or
> (B)    the action or appeal --
>       (i)    is frivolous or malicious;
>       (ii)    fails to state a claim on which relief may be granted; or
>       (iii)    seeks monetary relief against a defendant who is immune from such relief.

This action seeks money damages from a party not subject to liability under the civil rights statutes and will be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). This dismissal will constitute Plaintiff's "first strike" under the PLRA.

A separate Order follows.

_12/12/11_
(Date)

_William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge

---

[2] Franklin Square Hospital Center is a not-for-profit community teaching hospital located in eastern Baltimore County, Maryland. *See* http://www.franklinsquare.org/